Adopted December 16, 1890.

## MILES MORRIS v. E. H. NUNN.

### No. 3153.

1. **Venue in Partition — Partnership Matters.** — Suit in Hopkins County by
Nunn against Morris, who resided in Wood County, for partition of a partnership farm
owned by the parties and for a money claim owing plaintiff upon the settlement of
their firm matters. *Held,* the venue of the suit for partition was in Hopkins County,
and the court also had jurisdiction to determine the question of the indebtedness
claimed and to adjudge it a lien upon the interest of the defendant in the land.

2. **Account Stated.**—In a settlement by two partners of a partnership farm busi-
ness with many items, charges, and credits, that individual charges were mixed with
partnership items, the credits being in excess of such individual items, will not affect the
adjustment so made so as to deprive the court from determining the rights of the part-
ners growing out of the accounting in a suit for the partition of the partnership land.

3. **Limitation.**—The limitation of two years does not apply between partners.
By third subdivision of article 3205, Revised Statutes, actions by one partner against
another for a settlement of partnership transactions may be brought within four years
after the ending of the partnership operations.

APPEAL from Hopkins. Tried below before Hon. E. W. Terhune.
The opinion sufficiently states the case.

*Peteet & Crosby,* for appellant.— 1. A cause of action. suable in the
county of defendant's domicile (residence) only can not be joined with an-
other cause of action against defendant suable in a county other than de-
fendant's residence (domicile) by reason of some of the exceptions to the
statute, so as to compel the defendant to submit to the jurisdiction of the
court of the latter county against his plea of privilege. Rev. Stats., art.
1198; Altgelt v. Harris, 11 S. W. Rep., 857.

2. Cotenants will be compelled to contribute for any deficiency they
may be due the other for a common burden growing out of their joint
liability, but it is only in cases where a lien or encumbrance has been paid

off by the cotenant, and for which the debt is due, that the cotenant will be entitled to have a lien against the property of the other for the satisfaction of such debt.    Moon v. Jennings, 12 Am. State Rep., 383; Preston v. Wright, 10 Am. State Rep., 257; Freem. on Coten. and Part., secs. 322, 509, 510.

3.    Cotenants may deal with each other and have accountings with each other about their individual matters independent of the subject matter of the cotenancy, but such things can not be considered by the court in determining matters of account between the cotenants in a suit for partition of land and accounting between the cotenants and adjusting the equities.    Oliver v. Robertson, 41 Texas, 422; Freem. on Coten. and Part., secs. 268, 506.

4.    In this character of suit (partition of land), to authorize a lien to be decreed by the court against the land set apart to appellant as his portion thereof to satisfy a debt due by appellant to appellee, the proof should show that the debt paid by appellee and for which appellant is owing was an encumbrance or lien upon the land, or at least for beneficial improvements placed upon the land with the consent and direction of appellant. Moon v. Jennings, 12 Am. State Rep., 383; Preston v. Wright, 10 Am. State Rep., 257; Freem. on Coten. and Part., secs. 322, 509, 510, 512.

No brief for appellee.

HENRY, ASSOCIATE JUSTICE.—This suit was brought by the appellee in the District Court of Hopkins County, against the appellant, who resided in Wood County, for the partition of a tract of land lying in Hopkins County, and also to recover a judgment for money upon an account stated.

It appears that in the year 1880 the plaintiff and the defendant entered into a partnership for the purpose of purchasing and carrying on a farm. The farm was purchased and conducted by them as partners, including a great many small transactions and mutual debits and credits, until January, 1888, when the partnership ceased.

During the existence of the partnership, in addition to the partnership transactions, plaintiff claimed that defendant was indebted to him for several hundred dollars on account of individual transactions.

At the time of the dissolution of their partnership the parties had an accounting together, and made up and agreed upon a statement of their accounts, showing a balance in favor of the plaintiff.

As a matter of convenience, the parties agreed that a few specified items should not be included in this settlement, but should be arranged between them subsequently.    In the statement of accounts that was agreed upon the items of an individual character which were held by the plaintiff against the defendant were mingled without objection with the partnership transactions, and helped to form the balance found to be due plaintiff.

Plaintiff, in the account, allowed to the defendant credits amounting to much more than these individual items, which there is nothing to show might not have been properly applied to the extinction of the individual indebtedness. This individual indebtedness was apparently barred by the statute of limitations of two years at the time of the commencement of plaintiff's suit.

The defendant had erected a gin and mill house upon the partnership land, which belonged to him individually.

The defendant pleaded his privilege of being sued in the county of his residence upon the money demand.

The cause was tried by the judge without a jury, and judgment was rendered overruling the plea to the jurisdiction and in favor of plaintiff for partition of the land, protecting defendant with respect to the gin and mill house; and also in favor of plaintiff for a moneyed judgment, with a lien for its payment upon the moiety of land allotted in partition to the defendant, except that part of it on which the house was erected.

The District Court of Hopkins County had jurisdiction of the suit for the purpose of partitioning the land lying in that county. It was proper to litigate in the same suit and adjust by the decree, as was done, all of the partnership transactions, and to make the balance found to be due plaintiff on account of such transactions a lien upon defendant's share of the land.

As the items of plaintiff's account against the defendant individually, running through several years, were intermingled by him with the partnership account, and all payments made to him were by him applied in the same manner, and as they seem to have been intermingled with the partnership transactions in the settlement and statement of the accounts without objection, we do not think that the court erred either in overruling the objection to the jurisdiction or in treating said individual items as a part of the partnership account.

We think that the conclusion of the court that there was a settlement and statement of accounts is sufficiently supported by the evidence.

The court did not err in refusing to sustain defendant's plea of the statute of limitation of two years. That statute does not apply to dealings between partners.

By the third subdivision of article 3205 of the Revised Statutes it is provided that actions by one partner against his copartner for a settlement of the partnership accounts may be brought within four years, and that the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together.

We find no error in the proceedings and the judgment is affirmed.

*Affirmed.*

Delivered December 16, 1890.