## AUGUST SANTLEBEN v. EDWARD FROBOESE.

### Delivered December 23, 1897.

**1. Limitation—Partnership Accounting Abandoned by Amendment.**

The filing of an original petition praying for the settlement of partnership affairs within the statutory period will not protect additional claims growing out of the partnership business, introduced by an amended petition, against the bar of the statute of limitations, where the action is abandoned as one for partnership accounting.

**2. Same—Item Not One of Partnership.**

An agreement by one member of a firm to pay another a stipulated amount per annum to attend to his duties as a partner, which he could not personally perform because of other duties, does not relate to the partnership business so as to be protected against the statute of limitations, where the statutory period expires between the filing of an original petition praying for an accounting of the partnership affairs and the filing of an amended petition introducing a claim under such agreement.

**3. Set-off—Liquidated Claim Against Tort.**

Defendant can not set off a liquidated claim for damages growing out of a contract against the plaintiff's claim for unliquidated damages growing out of a tort.

**4. Same—Defendant's Right of Set-off Lost.**

Defendant, by procuring matters relating to debt to be stricken from the plaintiff's petition, leaving only a cause of action growing out of a tort, loses his right to interpose a claim for liquidated damages growing out of the contract as an offset.

**5. Limitation—Partnership Accounting—Amendment.**

A claim by one member of a firm against another for an alleged conversion by the latter of the former's shares of stock in a private corporation does not relate to the partnership's business so as to be protected against the statute of limitations, where the statutory period expires between the filing of an original petition praying for an accounting of the partnership affairs and the filing of an amended petition introducing such claim.

**6.  Officers—Salary in Partnership—Public Policy.**

An agreement by a county treasurer to share the compensation of the office with his partner, in consideration of the interference of the duties of the office with his duties as a partner, is void as against public policy.

APPEAL from Bexar.   Tried below before Hon. J. L. CAMP.

*Keller & Williams,* for appellant.—1.   A member of a general partnership can compel his partner to divide profits of an illegal transaction after the same has been entirely closed.   De Leon v. Trevino, 49 Texas, 92; Lewis v. Alexander, 51 Texas, 589.

2.   Where there is no express agreement to the contrary, any earnings produced by the time, labor, and skill of one partner must be placed in the general partnership fund.   1 Lindl. on Part., secs. 303, et seq.; Smith's Mercantile Law, 60, et seq.; Hooker v. Williamson, 60 Texas, 527

*Leo Tarleton* and *George C. Altgelt,* for appellee.

FLY, ASSOCIATE JUSTICE.—This suit was instituted by appellant on July 19, 1895, and in his petition he prayed for a settlement of partnership affairs between him and appellee, alleging that upon a just settlement of the partnership matters, appellant was entitled to a balance of $18,000.   It was also alleged, in a separate count, that in February, 1894, appellee had, by fraud, induced appellant to transfer to him fifty shares of stock in the Merchants Transfer Company, and had converted the same to his own use.

The prayer was for a partnership accounting, and an offer to pay whatever might be due to the partnership by appellant.

In the second amended petition, filed on September 15, 1896, appellant sets out a number of items upon which appellee was indebted to him, and in his prayer does not ask for a partnership accounting, but prays for judgment "for his debt and damages in the several amounts above named."

In the third amended petition, filed March 1, 1897, it was alleged that the partnership of Froboese & Santleben continued from August 25, 1881, until April 24, 1894; that no final settlement of accounts had ever taken place between them; that for a long time he could not obtain access to the partnership books, but having finally obtained them, he found they had not been properly kept; that appellee had charged appellant with many items for which he was not liable, and had omitted many items of credit to which he was entitled, and that there were many errors in the books which would be particularly set forth.   It was further alleged, that while the partnership was in existence appellee was the county treasurer of Bexar County; and in consideration of the greater portion of his time being taken up with the duties of his office, appellee had agreed with appellant, "that all salaries, commissions, perquisites, profits, or emoluments growing out of his said office of county treasurer should be paid into the funds of the said firm and become a part of its assets," but had failed to pay in not only the salary for several years, but also certain interest arising from the loan of the county's money to different individuals, and

certain commissions obtained by him for the sale of county bonds. The item for conversion of the stock was also set forth, and there was pleaded an additional item, which had not before been pleaded, that appellee had, in consideration for the extra labor that devolved upon appellant, agreed to pay him the sum of $1000 per annum, which he had failed to do.

The prayer was as follows: "Wherefore, defendant having been heretofore duly cited, and having answered herein, plaintiff prays that the transfer of said fifty shares of stock be set aside and canceled, and that an order be issued commanding the defendant to reconvey to plaintiff said shares of stock, or if for any reason this can not be done, that he have judgment for the value of said stock; and for further judgment for his debt and damages in the several amounts above named, and for costs of suit and for general and special relief."

Appellee excepted to the petition on the ground that the several items were barred by limitation, and that the agreement as to the salary, interest, and commissions was contrary to public policy. Two notes were pleaded in offset to appellant's demands. The exceptions were sustained to all the petition except the portion setting up the conversion of stock.

Appellant in a supplemental petition excepted to the answer on the ground that the items pleaded in reconvention were barred by limitation, and on the ground that the answer attempted to offset a certain and liquidated demand against an uncertain and unliquidated claim for damages. The last exception was filed after the exceptions to the petition had been sustained and appellant's demand had been narrowed down to a suit for conversion of certain stock. Upon a trial on the merits the court rendered judgment for $389.80 in favor of appellee.

Unless the claims of appellant can be sustained upon the ground that the action was one against a copartner for the settlement of the partnership accounts, the whole of appellant's demand, with the exception of the claim for conversion of the stock, was barred by limitation. It was clearly the intention of the first petition to obtain at the hands of the court a settlement of partnership affairs, but that idea was abandoned in the second amended petition, which was filed more than two years after the dissolution of the partnership, and consequently more than two years after the cause of action had accrued. The abandonment of the plea for a partnership settlement is indicated not only by the prayer and statements of the indebtedness due him by appellee, but also by the fact that it was shown by the allegations that there were other members of the partnership, and that a settlement was impossible without joining them in the suit. The first petition indicated that there was only one matter that it was desired to adjudicate between the partners, and that was in connection with the conversion of the stock, the other claims, which were in no manner connected with each other, not being pleaded until after the expiration of two years and in connection with an abandonment of the plea for a settlement of the partnership affairs. Had the suit for settlement of partnership matters been adhered to, doubtless any matters growing out of the partnership could have been added by an amendment,

and limitation would run only to the time of the filing of the original suit, but that part of the suit was abandoned and new matters pleaded that had nothing to connect and blend them into a harmonious demand.

If it could be held that the suit was for a settlement of partnership affairs, it does not appear from the allegations that the matter in regard to the payment of the $1000 per annum had any connection with the partnership, but that one of four partners agreed to pay another $1000 per annum to attend to duties which he could not meet on account of the duties of his office. That item not having been set up until 1897, and not being connected with the settlement of partnership affairs, would have been barred had the suit never been abandoned for a settlement of partnership accounts. Under our view of the case it becomes necessary to pass on the question as to whether appellant would be debarred from a recovery of the gains arising from an illegal transaction.

We are of the opinion that the demurrer of appellant to that part of the answer setting up the amount of two promissory notes in offset to the claim for damages for a tort should have been sustained. The claim of appellant was an uncertain amount growing out of an alleged tort, and the claim of appellee grew out of a contract, the amount being definitely agreed to by the parties. The amount claimed by appellant depended upon the evidence of witnesses, and had not been fixed by the agreement, nor by the operation of law. Howard v. Randolph, 73 Texas, 454; Jones v. Hunt, 74 Texas, 657. It is insisted by appellee that "appellant should not be permitted to deprive appellee of the right to plead his debts in reconvention by improperly joining by amendment, with his action for debt, one sounding in tort, and then when exceptions are sustained to his action for debt, but those relating to the tort are improperly overruled, seek to deprive appellee of his right to plead his debt in reconvention." There can be no merit in this contention. Appellee had obtained from the court a ruling that the matters relating to debt should be stricken out, and when that was done, any matters pleaded that could apply only to the matters stricken would necessarily go down with them. After the exceptions were sustained, the case then stood as a demand for unliquidated damages, and it does not matter under what cover the counter-claim on a liquidated demand got into the answer, it then had no standing in court.

It follows that none of the cross-assignments is well taken.

The testimony of appellee showed that appellant sold the stock to appellee at its face value, to wit, $1250, and it was agreed that it should be placed to the credit of appellee on debts due by him to appellee, and it was done. We therefore, in deference to the finding of the trial judge, find that those statements were true, and that there was no conversion of the property by appellee.

The judgment of the District Court will be reversed in so far as it gave judgment on the counter-claim in favor of appellee, and will be affirmed in other particulars.

*Reversed in part; affirmed in part.*

ON MOTION FOR REHEARING.

FLY, ASSOCIATE JUSTICE.—We find that the allegations of the petition did not show, as stated in our former opinion, that there were four partners, but only two. We were led into this misapprehension by the allegation in the petition that a part of the business had been sold out, but this referred to the transfer business. By the sale of their transfer business, appellant and appellee each obtained fifty shares in a company known as the Merchants Transfer Company, and the stock alleged to have been converted had no connection whatever with the partnership affairs of appellant and appellee. How stock in a private corporation alleged to have been converted by one who was a partner in another business has any connection with an accounting between the members of such partnership, we fail to comprehend. The proof shows that the affair of the shares had no connection whatever with the partnership.

If it should be held that the petition asked for an accounting between the partners, there was no error in deciding against the claims of appellant, for the reason that the pleadings showed that the transaction in regard to the $1000 was one by which one partner was to pay another for services performed for him, and was not a partnership affair, and the matters growing out of an attempt to create a partnership in the county treasurer's office was contrary to public policy and utterly void. The idea that an officer elected by the people can put his office in as part of the assets of a partnership is utterly repugnant to public policy, and the court will utterly refuse to enforce any such contract.

The $1000 salary and the gains from the treasurer's office being eliminated, there remained nothing for the court to pass upon except the matter of conversion of the stock, and upon that issue the evidence was against appellant.

We adhere, however, to the opinion that appellant had abandoned his suit for partnership accounting, and that the claims, except for the conversion of the stock, were barred by limitation.

That appellant was not seeking for a general partnership accounting is clearly evidenced, not only by the prayer, but by the fact that he sued for certain items as being the matters he wished settled, and by the further fact that although he had possession of the partnership books, he refused to produce them when they were demanded. He had the books which he alleged were not properly kept, but when, on the trial, he was asked to produce the books, he failed to do so. This action taken with his pleadings clearly shows that no accounting was desired.

The motion is overruled.

*Overruled.*

Writ of error refused.