## C. J. WRIGHT v. ANNIE ROSS.

Decided October 23, 1902.

**1.—Partnership—Dissolution at Will.**

Where the articles of a partnership provide that it shall continue until dissolved by mutual agreement, it is a partnership at will, and either partner may demand a dissolution at any time, and without showing misconduct of his co-partner.

**2.—Same—Notice.**

No formal notice to dissolve a partnership at will is necessary, and the filing of a bill for dissolution may itself operate as a dissolution.

**3.—Same—Pleading—Offer to Do Equity.**

A suit for dissolution and a settlement of the partnership affairs is one for accounting and partition, and it is not necessary that the plaintiff should offer to do equity in his petition therefor.

Appeal from the District Court of Harris County. Tried below before Hon. Wm. H. Wilson.

*Ingham S. Roberts* and *W. J. Howard,* for appellant.

*Coleman & Abbott,* for appellee.

GARRETT, Chief Justice.—The appellant, C. J. Wright, brought this action against the appellee, Annie Ross, for dissolution of a partnership and a settlement thereof. The appellee denied the right of the appellant to have a dissolution. The cause was tried without a jury, and the court rendered judgment in favor of the defendant, refusing to decree the dissolution and settlement of the partnership as prayed for. Appellee is the widow of Lewis Ross, who died October 6, 1896. Some time prior to the death of Lewis Ross, on to wit, April 8, 1891, Lewis Ross and the appellant entered into a written contract of partnership as follows:

"The State of Texas, County of Harris.—To all whom it may concern: We, Lewis Ross and C. J. Wright, have agreed, and by these presents do agree, to become copartners together in the undertaking business in the city of Houston, State of Texas. And the said copartnership shall continue until dissolved by mutual agreement. And that neither party to this agreement shall have any right to sell his interest in the business, except with the consent of the other party to this copartnership. And it is also agreed between the said Lewis Ross and C. J. Wright that the said Lewis Ross shall be the active manageer of the said undertaking business, and shall receive one hundred dollars per month for such services. It is also agreed that the said Lewis Ross and C. J. Wright are equal partners in the said business. It is also understood and agreed that should the firm need any money with which to carry on said business, the said partner C. J. Wright shall receive 8 per cent interest for the use of all money he may advance to the said firm for use in their business over and above the amount that the said Lewis Ross may have paid into the said firm. The interest to be paid semiannually.

"And should the said Lewis Ross and C. J. Wright wish to dissolve partnership or sell out the business, that the debts of the firm shall first be paid, and the money obtained from C. J. Wright in excess of the amount that the said Lewis Ross has put into the business shall be considered as a just debt of the firm, together with the interst on the money advanced by C. J. Wright, and shall be paid next.

"It is further agreed that in the event the said Lewis Ross should be unable to act as manager, through sickness or otherwise, then C. J. Wright shall become and act as the manager, and for services to receive the same compensation of one hundred dollars per month, and in the event of the death of either partner, the remaining partner shall carry on the business as he may deem best.

"Lewis Ross,
"C. J. Wright."

Anticipating death, Ross, just prior to his decease, with the assent of Wright, transferred his interest in the partnership to his wife, Annie Ross, who signed the agreement; and after the death of Lewis Ross the partnership was continued under the original articles of partnership, with Wright as manager. Mrs. Ross became dissatisfied with the management of the business, and employed an attorney, and through him demanded a statement of the affairs of the partnership, and the relations between the parties became somewhat strained, but the trial judge found that Mrs. Ross had been guilty of no misconduct as a partner that would authorize the court to decree a dissolution of the partnership on the ground of misconduct. Under the agreement Wright advanced to the partnership sums of money aggregating a large amount. These advancements were nearly all made prior to the substitution of the appellee in the contract in the place of her husband. At the date of the judgment below the firm of Ross & Wright owed Wright for such advancements the sum of $6633, as shown by the agreement of the parties; and it was further agreed that the appellee individually owed Wright at that time $444.47. Among the assets of the firm are outstanding accounts to a large amount, far in excess of the amount of the debt of the firm and of Mrs. Ross individually to the appellant. These accounts are for coffins and services furnished customers in the undertaking business, and from their nature can not be pressed in collection as accounts in any other business. A great many of them are not collectible.

The trial judge held that the contract of partnership could not be dissolved except by mutual consent, since it was made in connection with the stipulation, afterwards carried out, that Wright would furnish money to the partnership, unless he should do what was equitable and just in order to protect the rights of his partner. He declined to decree a dissolution, (1) because no misconduct had been shown to invoke the equitable powers of the court, and (2) the suit being for equitable relief and the plaintiff not having offered in his pleadings to do equity, his prayer to dissolve the partnership should be denied. The court recognized the right of the appellant to dissolve the partnership, but was of the opinion that he could not do so without unequivocal notice and being responsible in damages; and that the mere prayer of a petition asking for a decree of dissolution was not notice.

We are of the opinion that the trial court erred in its construction of the partnership agreement. Everey partnership is prima facie a partnership determinable at the will of any one of the persons who have entered into it. It is a partnership at will unless it had been agreed that the contract shall endure for a specified time. 1 Lindley, Part., 218; 2 Id., 832; 2 Bates, Part., sec. 571; Story, Part., sec. 84, 277; 17 Am. and Eng. Enc. of Law, 1 ed., 902. While the term for which a partnership is to last may be proven independently of the written contract itself, either by direct evidence or circumstances, there is nothing in the contract under consideration from which a specified time can be inferred.

It contains an undertaking on the part of Wright to lend the firm money, but does not specify any time in which it is to be repaid, except that on dissolution it shall be treated as a debt of the firm. There is not a circumstance in evidence to show that the partnership was to last for any specified length of time. It was therefore determinable at the will of either party, and the appellant's right to a dissolution did not depend upon the misconduct of the appellee. Hence we do not determine whether or not the court's conclusion that there was no misconduct on the part of the appellee entitling the appellant to dissolve the partnership was supported by the evidence. The authorities cited by the appellee showing what misconduct would be necessary are not pertinent, because they are suits brought for a dissolution before a specified term had expired.

No formal notice to dissolve a partnership at will is necessary. Filing a bill asking a dissolution may operate as a dissolution. 2 Bates, Part., sec. 574, and note 2; Id., sec. 574. It was not necessary for the appellant in his petition to offer to do equity. His suit was for a settlement of the partnership affairs, which involved an adjustment of the accounts of the partners and the distribution of the assets. It was a suit for accounting and partition. All the facts that were necessary to be alleged were, the partnership and transaction of business as partners; the dissolution, or facts entitling the appellant to a dissolution; unsettled accounts, and to ask for a dissolution and an accounting. 2 Bates, Part., sec. 936; 17 Am. and Eng. Enc. of Law, 1 ed., p. 1310. There was no equity that the appellant was required to offer or do. It would be the duty of the court, in effecting the partition of the assets and the payment of the money due the appellant, to make such orders for the sale of the property as would be equitable and just to both parties.

The judgment of the court below will be reversed and the cause will be remanded to that court with instructions to decree the dissolution of the partnership between the plaintiff and defendant as of date January 3, 1902, the date of the judgment of the court below, and to adjudge the amount of indebtedness as therein decreed and ascertain the property on hand and make an accounting between the parties and distribution of the assets in accordance with the partnership agreement.

*Reversed and remanded.*

Application for writ of error dismissed by the Supreme Court for want of jurisdiction.