[1] Reported in 238 N.W. 480.
Appellant, William Aab, presented a claim in probate court against the estate of Ferdinand Crone, deceased. The probate court dismissed the claim, and appellant appealed to the district court. He duly filed his written complaint in that court. Respondents demurred to the complaint on the ground that it failed to state facts sufficient to constitute a cause of action, the particular ground being that it clearly showed on its face that the alleged cause of action was barred by the statute of limitations. The court sustained the demurrer, and this appeal followed.
We are limited here to a consideration of the complaint and demurrer. What took place in the probate court is referred to merely to show the history of the case and its inception. It is shown by *Page 226 
the return made to this court from the district court, although not printed. It is sufficient to state that Ferdinand Crone died on June 2, 1930, and that the claim on which the action is based was filed in the probate court on January 6, 1931.
The complaint alleges that on or about July, 1919, the appellant and Ferdinand Crone became copartners in business for the purpose of manufacturing and selling certain machinery appliances which the appellant had invented and patented; that Crone had rendered financial assistance to appellant in perfecting his inventions and obtaining patents therefor and for the purpose of enabling him to place the appliances on the market; and that appellant had transferred to him a one-half interest in the patents. The complaint then alleges that "at the inception of said partnership" it was agreed that appellant should be the sole manager of the business; that Crone agreed to pay appellant 60 cents per hour for his services as manager and mechanic; and that appellant performed such services during 1919, 1920, and 1921 up to about October 1, 1921. An itemized account, attached to and made a part of the complaint, sets forth the amounts claimed to have been earned by appellant under this agreement each month from July, 1919, to and including November, 1921, and the payments made, as "wages drawn" thereon, the last payment being in October, 1921, leaving a balance of $2,244.06 unpaid, which sum, with interest on yearly balances from January 1, of 1920, 1921, and 1922, appellant asks to recover.
There are other allegations in the complaint, in substance that the partnership continued in business until about October 1, 1921, when the right and interest of appellant and Crone in the patents and all tools, machinery, supplies, and materials of the partnership were transferred to a corporation of which appellant and Crone became stockholders and officers; that no accounting, liquidation, or adjustment was ever had between appellant and Crone; that Crone repeatedly promised to pay appellant the sums due on this account; that there was an agreement that if there were funds available from profits of the partnership Crone's share of such profits might be applied on appellant's wages; that there has been *Page 227 
no cessation of the dealings with appellant and Crone in the partnership and dealings in which they were interested.
It is not alleged or claimed that Crone made any written agreement or promise to pay these wages to appellant within the six-year limitation period, or at all, or that any payment had been made thereon since October, 1921. Counsel concedes that the action is not one for an accounting of partnership matters, and the complaint does not state a cause of action for a partnership accounting. The indebtedness is not claimed to be a partnership debt or liability. It seems clear from the complaint that the indebtedness sued upon is the individual debt of Crone to appellant; that the last item of this debt accrued and became payable not later than December 1, 1921; that no payment thereon has since been made; and that there has been no promise in writing by the debtor to take the debt out of the limitation statute. The six-year statute of limitations applies to an individual indebtedness by one partner to the other which is neither owing by nor due to the partnership, and the statute is not tolled by the fact that there has been no partnership accounting.
Numerous authorities are cited by counsel. All these authorities, so far as we have discovered, relate to actions by one partner against one or more other partners for an accounting of partnership affairs, or for the settlement of partnership business, or to recover partnership property or its value; or by creditors, heirs, or purchasers to reach or have an accounting for partnership property.
McClung v. Capehart, 24 Minn. 17, was an action for an accounting between partners.
Clay v. Freeman, 118 U.S. 97, 6 S.Ct. 964, 30 L. ed. 104, was an action by heirs of a deceased partner against the heirs of the other partner for an accounting of partnership property.
Riddle v. Whitehill, 135 U.S. 621, 10 S.Ct. 924,34 L. ed. 282, was an action by creditors of a partnership to have an accounting of partnership property and to have their debt liquidated therefrom.
McPherson v. Swift, 22 S.D. 165, 116 N.W. 76,133 A.S.R. 907, was a suit by one to whom the administrator of a deceased partner had conveyed the decedent's interest in partnership realty against *Page 228 
the surviving partner to recover the undivided one-half of the property, and for an accounting as to income therefrom.
The citation from 17 R.C.L. 805, is self-explanatory, for the summary is that the time when an action to sue for the settlement of partnership affairs accrues, so as to set the statute of limitations in motion, depends on the circumstances. This is in harmony with Riddle v. Whitehill, 135 U.S. 621,10 S.Ct. 924, 34 L. ed. 282.
Enough has been said to show that the authorities cited have reference only to matters wherein the partnership, as such, has or had an interest either as creditor or debtor or as owner of property or rights. These authorities have no reference to a mere personal debt by one partner to another.
Order affirmed.