## WARE v. CHATHAM.

### No. 2760.

Court of Civil Appeals of Texas. El Paso.

Dec. 15, 1932.

Rehearing Denied Jan. 5, 1933.

Claud C. Westerfeld, of Dallas, for plaintiff in error.

Fred J. Dudley & Associates, of Dallas, for defendant in error.

HIGGINS, J.

Chatham brought this suit against Ware, and, from an adverse judgment, the latter prosecutes this writ of error. The parties will be designated as they were in the trial court.

The allegations of the petition, briefly stated, are to the following effect: In October, 1928, the parties agreed to form a partnership, each to contribute $2,000 to the partnership capital; defendant was also to furnish a farm owned by him upon which the partnership business would be conducted and would make certain repairs to a house upon the land and repair the fences to protect the poultry to be raised thereon. Defendant employed plaintiff to make the said repairs upon the house and fences and agreed to pay plaintiff for his labor in so doing and for the materials purchased by plaintiff to make such repairs. Defendant also agreed to pay plaintiff for such money·as he might expend in feeding and caring for certain stock upon the land belonging to defendant. For labor and expenditures for· all such purposes defendant became liable to plaintiff for $550.14.

Beginning in February and continuing until July in 1929, plaintiff began to advance his agreed $2,000, and for the purpose of establishing the poultry business and fulfilling his agreement he paid out cash as follows:

Equipment and merchandise and
    stock, ...................·..... $1,158.01
Labor, .......................... 374.57
Labor for chicken houses (additional) ........................ 144.97
Total, .......................... 1,677.55

The petition then admits credits to which defendant is entitled of $200, on the claim of $550.14 for labor and materials furnished as aforesaid, and a further credit of $450 advanced on the $2,000 which defendant was to contribute to the partnership capital.

Defendant breached his agreement and demanded possession of the land whereby the enterprise became hopeless and plaintiff was forced to abandon the farm.

"This plaintiff respectfully shows to the Court that under the facts herein, that the same constituted and was a violation by the defendant of his contract to enter into a partnership with the plaintiff and that this defendant is liable to the plaintiff not only for the sums of money which was advanced by the plaintiff and the labor that he did, all for the defendant's individual account, but that this defendant is liable for the sums of money which the plaintiff advanced in good faith and in an attempt to carry out his contract, performance thereunder being prevented by the capricious and arbitrary refusal of the defendant to carry out his contract.

"That in the event it may be considered that an actual partnership was formed by reason of these facts between plaintiff and defendant, that the transactions herein were not between the parties in the relationship of partners as such and there is no necessity for any accounting, there being no complicated accounts between the parties in the relationship of partners as such and there is no necessity for any accounting, or any'profits or losses in the partnership business as such, but that in the event such is necessary this plaintiff is entitled to an accounting against the defendant as a partner and in the alternative prays for such account."

The prayer was for "judgment for his debt, and damages sustained by reason·of the defendant's breach of his contract with the plaintiff, that' he have in the alternative a full and strict account from this defendant of the profits and losses of the partnership sustained or received," for costs and general relief.

Defendant answered by demurrers, general and special, general denial, and special pleas. In such special pleas defendant admitted they entered into a partnership to raise turkeys upon the farm, and alleged facts showing that the enterprise was launched under the management of plaintiff; he alleged mismanagement of the business and breach by plaintiff of the terms of the partnership agreement; the unnecessary purchase of building material upon defendant's credit which he was obliged to pay; destruction of and damage to improvements on the farm; false representations by plaintiff of his knowledge of the turkey raising business, and alleged further that in July, 1929, plaintiff advised defendant that he (plaintiff) was through with the turkey business and wanted defendant to pay him for his losses.

Defendant also set up a cross-action seeking to recover money that he had been compelled to pay for building material purchased upon his credit by plaintiff; damages for destruction and injury to improvements on the farm; damages for loss of a rental contract upon the farm by the wrongful acts of plaintiff.

The case was submitted to a jury upon numerous special issues, all of which were found in favor of plaintiff in whose favor judgment was rendered for $1,619.25, upon which a remittitur of $216.81 was later entered. While there is an alternative prayer for an accounting, the case was not tried or submitted upon any such theory. Furthermore, the petition negatives the theory that the partnership relation arose between the parties.

We shall not undertake to discuss separately the various propositions submitted in the brief of plaintiff in error. We will simply announce our views upon the controlling questions.

In brief, the plaintiff seeks to recover $550.-14 for labor and expenditures incurred by him which the defendant promised to pay, and the further sum of $1,677.55, advanced by plaintiff to the capital of the firm, less the credits above stated. The latter sum he seeks to recover as damages for breach of an alleged executory contract to form a partnership.

■ The defendant's answer and the evidence discloses that the contract passed the executory stage; that the partnership was formed; the business commenced and operated for a few months. This being the case, the plaintiff could not recover the item of $1,677.-55 as damages for breach of an executory contract to form a partnership as the petition seeks to do.

■ There is no allegation that the partnership was to endure for any fixed term, and, in the absence of an agreement as to the duration of the partnership, it is to be considered as a partnership at will. A member of such a partnership may dissolve it at any time. 47 C. J. Title Partnership, § 758; Wright v. Ross, 30 Tex. 207, 70 S. W. 234.

■ The partnership here was an unprofitable venture, and, as to the item of $1,677.55 advanced to the partnership, the plaintiff's cause of action, if any, is for accounting and contribution. This is not the case pleaded nor the theory upon which it was tried and submitted to the jury. In so far as this item is concerned, the effect of the judgment is to reimburse plaintiff for his losses in. the unprofitable venture and impose upon his partner, Ware, all of the losses sustained by the partnership. The judgment awarding damages for the item last mentioned cannot be sustained. Lockhart v. Lytle, 47 Tex. 452; Merriwether v. Hardeman, 51 Tex. 436; Hardee v. Adams Oil Ass'n (Tex. Civ. App.) 254 S. W. 602.

■ As to the item of $550.14, this is money alleged to be due plaintiff by defendant for labor and materials furnished upon a personal contract of employment.

The obligation of this contract is distinct and separate from the mutual obligations of the partnership members. The failure to pay is a breach of an individual contract between the parties, and we can see no good reason why the action to recover the sums so agreed to be paid cannot be maintained independent of a settlement of the partnership accounts. 30 Cyc. 465; Hardee v. Adams Oil Ass'n, supra; Reeves v. White (Tex. Civ. App.) 161 S. W. 43.

Or, it may be properly joined in an appropriate. action for accounting and contribution. The partnership has been dissolved. Our courts are exceedingly liberal in permitting the joinder of several causes of action arising out of the same transaction, or which are so connected with the same subject-matter as that they may be conveniently litigated in the same suit. 1 Tex. Jur. title Actions, § 37.

There is no good reason why the controversy over the two claims set up in the petition may not be settled in one suit and the litigation between the parties ended.

Reversed and remanded.