**SKLAR OIL CORPORATION v. JAMES.**

No. 6167.

Court of Civil Appeals of Texas. Texarkana.

May 24, 1945.

Rehearing Denied June 7, 1945.

———◆———

Clarence McGaw, of Longview, and Robert E. Mitchell, of Dallas, for appellant.

L. L. James, of Tyler, and Ralph B. Shank, of Dallas, for appellee.

WILLIAMS, Justice.

Sklar Oil Corporation, plaintiff below, alleged, which was agreed to by L. L. James, the defendant, that Delta Drilling Company, one McEntire, plaintiff and defendant as owners and operators of a 40-acre leasehold estate entered into a written contract, dated June 29, 1935, under which the full operation or management of the leasehold for the use and benefit of the four owners was placed in and operated by Delta until August 1, 1937. This contract stipulated among other provisions that:

"(A) Delta shall charge against said property the reasonable actual direct operating expense incurred in its operation for labor, material, plus the sum of $10 for each and every well to cover supervision and overhead, and Sklar, James, McEntire shall pay their part of such expense in proportion to their ownership interest (James. and McEntire each the owner of a 1/8 Sklar 1/2 and Delta 1/4 of the leasehold).

"(1E) *Delta shall invoice monthly* Sklar, McEntire and James for their proportionate part of the expense incurred in the operation and equipment of the property, and *said invoices shall be paid by them within 15 days* after receipt thereof. Delta shall *have the right* to proceed to collect money due it from the other owners for the operation, equipment, and development of the property according to the methods provided by law and in compliance with this agreement.

"(2) Delta shall render invoices monthly to each owner for his proportionate part of all charges * * * and also a statement showing the oil produced and sold or on hand at the end of each month."

After the Delta contract was terminated on August 1, 1937, plaintiff took over and operated the leasehold until March 31, 1939. Litigants agreed that defendant acquiesced in the operation of the leasehold by plaintiff under the same terms and conditions as had been stipulated in the written contract with Delta. This agreement with Sklar was not in writing.

In this suit filed August 19, 1941, in Gregg County against defendant and McEntire, plaintiff sought recovery against each for 1/8 of the alleged expenses paid by plaintiff in the operation of the leasehold from August 1, 1937, to March 31, 1939, less amounts theretofore paid by defendant and McEntire, respectively. Pleas of privilege being sustained, the action as to McEntire was removed to Dallas County and as to defendant was removed to and filed in Smith County. Articles 5526 and 5527, Sec. 3, Vernon's Ann. T.C.S., the two and four years statutes of limitation urged by James as a bar to recovery by Sklar, was sustained by the trial court upon hearing of evidence on such plea, and

6

a "take nothing" judgment in favor of defendant was entered.

Article 5527, supra, stipulates:

"There shall be commenced and prosecuted within four years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description: * * *

"(Sec. 3) Actions by one partner against his co-partner for a settlement of the partnership accounts * * * and the cause of action shall be considered as having accrued on a cessation of the dealings in which they were interested together."

It is appellant's position, to which we agree, that a suit under certain circumstances may be prosecuted by one partner against his co-partners for a settlement of a mining partnership account, without necessity of general accounting or dissolution of partnership. Gilbert v. Fontaine, 8 Cir., 22 F.2d 657, and authorities therein cited, including Indiahoma Refg. Co. v. Wood, Tex.Civ.App., 255 S.W. 212, 216; Ware v. Chatham, Tex.Civ.App., 56 S.W.2d 229. But this rule affords no support to appellant's further contention that "as the partnership still exists and continues to operate as such the account sued upon did not accrue until plaintiff elected to bring suit, namely, August 19, 1941, and for such reason Article 5526, supra, was inoperative as a bar to recovery.

No claims against the leasehold or the owners thereof in favor of any third party existed at the time this suit was filed or on date of trial. Prior to the execution of the contract with Delta, these owners had each executed division orders to the Pipe Line Company taking oil runs who had remitted directly each month to each owner their proportionate part of the proceeds of oil produced under the supervision of Delta and plaintiff. The pleadings raised no claim that plaintiff owed defendant or the other owners anything or called for an accounting between the owners. The pleadings disclose, as found by the trial court, purely a personal controversy between plaintiff and defendant.

It is to be observed from the agreement under which plaintiff operated the leasehold that the expenditures for each month became due and payable within fifteen days after receipt of each invoice with the right in plaintiff then to proceed to collect same by law. Invoices of expenditures were rendered to defendant each month, the last such invoice being rendered not later

than May ——, 1939. Copies of the monthly invoices so rendered were attached to and made a part of the petition wherein plaintiff sought judgment for a stated sum, being the total of the invoices less such sums as had theretofore been paid by the defendant on the invoices so rendered. At the time suit was filed, more than two years and fifteen days had elapsed after receipt by defendant of each of the monthly invoices. The trial court's conclusions of law that recovery on the account sued on was barred by the two-year statute of limitation, Article 5526, is under the facts of the record sustained. Santleben v. Froboese, 17 Tex.Civ.App. 626, 43 S.W. 571, writ refused; Aab v. Schonlau, 184 Minn. 225, 238 N.W. 480, 77 A.L.R. 423; See annotations in 21 A.L.R. 57 to 73.

In view of the conclusion reached, we pretermit a discussion of the court's further conclusions of law that the action was barred under the provisions of Article 5527, supra, grounded upon alleged laches.

The other points presented have been considered and are overruled.

The judgment is affirmed.