**Floyde HEATHINGTON, Appellant,**

v.

**HEATHINGTON LUMBER COMPANY, Inc., et al., Appellees.**

No. 7555.

Court of Civil Appeals of Texas.

Amarillo.

Jan. 3, 1966.

T. R. Odell, Lubbock, Cecil H. Tate, Muleshoe, for appellant.

Aldridge, Aldridge & Harding, Farwell, Pat R. Bobo, Muleshoe, for appellees.

CHAPMAN, Justice.

The pleadings upon which plaintiff-appellant Floyde Heathington went to trial sought to establish himself as a partner in the lumberyard business in Muleshoe, Texas. The business was first named Heathington Cash Lumber Company and later changed to Heathington Lumber Company. He alleged the partnership was between himself and his older brother, Fairris Heathington, with the latter owning a ⅔ interest and appellant a ⅓ interest. The lumber company having been incorporated in June of 1964, the suit was against the corporation, the surviving widow, Mrs. Hattie Faye Heathington, individually and as Executrix of the estate of the named deceased, Glena Heathington, individually and as guardian of minor heirs, and other heirs unnecessary to mention.

Appellant also sought an accounting of the partnership.

Appellees pleaded the two-year and four-year statutes of limitation, Sections 4 and 5 of Article 3995, commonly called the Statute of Frauds and denied the existence of a partnership between the two brothers, or that one ever existed.

At the conclusion of the evidence, which consumed 234 pages of testimony and 26 pages of exhibits tried to a jury, the trial court dismissed the jury and rendered a take-nothing judgment against appellant. In doing so we believe the court committed reversible error.

■ In determining whether it was proper for the trial court to take the case from the jury and render the judgment himself, we must view the evidence in the light most favorable to the losing party, indulging against the judgment every inference that may properly be drawn. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148, 143.

■ The case just cited was one where the jury was dismissed and the judgment rendered by the court. The cases cited by the Supreme Court for the rule of law stated in the preceding paragraph are cases where a verdict was instructed. Therefore, we may assume the same rule applies against the judgment rendered by the court as where the court instructs the jury to return a verdict. Stated in another way, " * * * whether an error has been committed by a trial court in refusing motions for an instructed verdict and for judgments non obstante veredicto, a reviewing court must consider the evidence adduced in the light most favorable to the party against whom such motions are sought; * * *." Texas Employers Ins. Ass'n v. Smith, Tex.Civ.App., 235 S.W.2d 234 (writ refused).

■ Therefore, the same rule of inferences concerning the evidence as it applies to the judgment, where the losing party is denied the right to have the jury pass on issues, exists in instructed verdicts and judgments non obstante veredicto as where the case is taken from the jury and a judgment rendered by the court, the procedure followed in the instant case. The Supreme Court has approved the following statement in Houston Transit Co. v. McQuade, Tex.Civ.App., 223 S.W.2d 64 (writ refused):

" 'The court must presume to be true the evidence * * * which was favorable to the party against whom the verdict was instructed; it must also place upon the testimony favorable to him the most liberal construction in his favor that the evidence would reasonably bear, giving him the benefit of all reasonable inferences arising therefrom. Indeed, all evidence contradictory to that favorable to the losing party, under an instructed verdict, should be disregarded.' "

Considered then, as it must be considered, we believe there is probative evidence that precluded a finding by the court as a matter of law that the lumberyard partnership entered into by Fairris Heathington and Floyde Heathington had been dissolved at least four years before the filing of the original petition herein.

Under the "Dead Man's Statute," Article 3716, Vernon's Tex.Civ.St., appellant was, by proper objections from counsel for appellees, prevented from testifying to any transactions with or statements by his deceased brother concerning the lack of dissolution of the partnership.

Without detailing all the testimony, we feel compelled to say that the evidence showed an agreement by the brothers to form a lumberyard business in Muleshoe, Texas, as partners and that they did so either in 1947 or 1948. Their mother testified to hearing them discuss such projected enterprise in her home at the dining table in 1947. She heard them discuss it three or four times.

The exhibits introduced show that the name of the partnership was first Heathington Cash Lumber Company in Muleshoe, Texas; that the name was later changed to Heathington Lumber Company; that a signature card for Heathington Cash Lumber Company at the Muleshoe State Bank showed the signature of both brothers, Floyde's later having been marked through. He testified he never gave anyone authority to have it voided. Plaintiff's Exhibit 17 shows Floyde was charged ⅓ of the donations made by the partnership and Fairris ⅔. Defendants' Exhibit 1 shows Floyde was charged ⅓ of the wages of an employee.

A financial statement filed with Wm. Cameron Lumber Company for credit and signed by Fairris Heathington shows the business was a partnership. An exhibit out of the original journal of the partnership dated 1/1/48 shows figures from which a jury could assume that Floyde

Heathington invested $4,000 in the partnership, as did other pages from the record. Other figures show instances where he drew money from the business, as did Fairris.

Several salesmen who called on the company testified to transacting business with Floyde and one witness testified to buying a ready-built house out of the lumberyard from Floyde. Another witness who built houses in the yard testified he took orders from both brothers and that both were in charge of the business.

Appellees did not specifically plead a dissolution of the partnership on any particular date but denied under oath the partnership alleged by appellant; pleaded that no such partnership was in existence; or that such ever existed.

In applying the rules of law in the cases heretofore cited and quoted from to these facts related, this evidence is sufficient for the jury to find that in 1948 and 1949 a lumberyard partnership existed between the two brothers, and refutes appellees' pleading of a denial that any partnership ever existed between them in the lumber business.

Their mother testified about their partnership in the construction of a house in Lubbock and Plaintiff's Exhibit 1 shows the written contract concerning such venture. By its own terms that partnership expired at the date of the sale of the house. We see no material connection between that arrangement and the Muleshoe partnership except that the profit from the sale of the house may have been applied to their lumberyard business.

The plea of the two-year statute of limitation is overruled. "That statute does not apply to dealings between partners." Morris v. Nunn, 79 Tex. 125, 15 S.W. 220.

So far as the record shows, the lumberyard partnership between the parties was clearly one at will. There is not

any evidence that a time limit was set for the partnership relationship between the brothers to exist in the lumberyard business. Being oral and terminable at will, it was susceptible of being performed within a year. Therefore, the Statute of Frauds pleaded by appellees does not apply. Howell v. Bowden, Tex.Civ.App., 368 S.W.2d 842 (N.R.E.).

This leaves the four-year statute of limitation as the only other defense pleaded to the appellant's contentions that a partnership existed and that it continued until the Heathington Lumber Company was incorporated in 1964.

■ Every partnership is prima facie a partnership determinable at the will of any one of the persons who have entered into it unless it had been agreed that the contract would endure for a specific time. Wright v. Ross, 30 Tex.Civ.App. 207, 70 S.W. 234 (writ refused).

■ There being no allegation that the lumber partnership was to endure for any fixed term, we believe we would have to consider it a partnership at will. Ware v. Chatham, Tex.Civ.App., 56 S.W.2d 229 (writ dismissed).

■ "Until the dealings of the parties are finally concluded and the obligations of the partnership paid, and an accounting and full settlement had, limitation does not begin to run." Roberts v. Nunn, Tex.Civ.App., 169 S.W. 1086, 1090 (writ refused).

■ Since the evidence is sufficient to show that a partnership existed in the lumberyard business between the brothers, the rule that has been stated by our court is that " * * * a status or condition of things once shown to exist is presumed to continue until the contrary appears." Ferguson v. Conklin, Tex.Civ. App., 51 S.W.2d 622 (N.W.H.).

Appellant testified he lived in Muleshoe in 1948 and 1949, was in the lumber busi-ness located out on the Clovis Road where it is still located, that he never gave anyone authority to scratch through his name on the bank partnership signature card, that he never sold any part of the business and that he had been back to the lumberyard as much as once a year since he returned to Lubbock.

In addition to the testimony of the mother concerning the genesis of the partnership she testified that after Floyde came back to Lubbock from Muleshoe the other boy kept telling him: "When business picks up, I will let you know." She also testified that Fairris sent a statement of accounting for his father to give to Floyde to sign and that if he signed it to give him the accompanying check for $1,500. The statement if signed would have terminated any previous partnership between the brothers. She testified he refused to sign the instrument or accept the check because it did not cover what he had in it. She further testified on cross-examination without objection that: "Well, they are still partners."

■ Appellees take the position that the tender of the check for $1,500 and the copy of the purported accounting sheet of December 1949 introduced into evidence dissolved, as a matter of law, the partnership. In the face of all the testimony heretofore related and the applicable rules of law cited and quoted we cannot agree.

They cite First Nat. Bank of Amarillo v. Rush, Tex.Com.App., 210 S.W. 521 (opinion adopted) and Green v. Waco State Bank, 78 Tex. 2, 14 S.W. 253. The former held that the testimony raised a question of fact for the jury, a finding directly contrary to the contention of appellees in the instant case. The latter case held that any one of the partners could dissolve the partnership firm at any time provided it was done under such circumstances as would not wrong or defraud his partners and a time fixed in the future for the dissolution to take effect

and provided it was by *explicit notice* to the other partners. (Italics added.)

Clearly these rules of law do not apply to the facts of our case. The accounting statement relied on by appellees could not be said to constitute, as a matter of law, explicit notice of dissolution, nor was there any evidence of a time fixed in the future for the dissolution to take effect. Therefore, we can find in those two cases no comfort for appellees' position in the instant case.

We hold that fact issues were raised in the testimony, so the judgment of the trial court is reversed and remanded for a new trial.