Martin-Del Campo v. Vega & Danish Creamery, Inc.






 


NUMBER 13-00-00467-CV

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG

______________________________________________________________


LUIS MARTIN-DEL CAMPO, Appellant,


v.


FRANCISCO VEGA AND DANISH CREAMERY, INC., Appellees.

______________________________________________________________


On appeal from the 92nd District Court of Hidalgo County, Texas.

______________________________________________________________


O P I N I O N


Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Justice Hinojosa


Appellant, Luis Martin-Del Campo, appeals from the trial court's order granting a motion for summary judgment filed by
appellees, Francisco Vega and Danish Creamery, Inc. on their affirmative defense of limitations. In a single issue,
Martin-Del Campo contends the trial court erred in granting the motion for summary judgment because genuine issues of
material fact exist as to when the partnership was dissolved. We reverse and remand.

A. Background


On October 29, 1984, Martin-Del Campo and Vega, as President of Danish Creamery, Inc., entered into a written
partnership agreement to acquire twenty-two acres of land in Pharr "for the purpose of urbanizing it in the best way
possible in accordance with the market for its sale." Pursuant to the terms of the agreement, Martin-Del Campo agreed to
pay $81,933.91 in consideration for a twenty percent share in the partnership. The $81,933.91 was payable as follows: "at
the closing, $14,500.00 (fourteen thousand, five hundred dollars) will be paid; and the remaining balance of $67,433.91
(sixty-seven thousand, four hundred thirty-three and 91/100 dollars) with simple annual 12% interest charged, shall be paid
with monthly payments of $2,500.00 (two-thousand, five hundred dollars) until such time as the balance is liquidated." On
October 29, 1984, Martin-Del Campo paid the down payment of $14,500.00, plus twenty percent of the closing costs
($1,934.00). Martin-Del Campo paid the monthly installments through February 1986.

In March 1986, Vega proposed that the partnership buy down the loan on the real estate by $100,000.00 with proportionate
contributions by each partner. Martin-Del Campo agreed and paid his twenty percent share ($20,000.00) in April 1986. 
Martin-Del Campo did not make any further payments.

On August 12, 1987, appellees' attorney made a written demand on Martin-Del Campo for the remainder of his payments. 
The last paragraph of the letter states:

We have been authorized to file a lawsuit against you regarding this matter to dissolve this association. If we don't receive
a reply from you by the first, we shall proceed with the lawsuit.



On September 11, 1987, appellees' attorney sent a second demand letter to Martin-Del Campo. This letter stated, in
relevant part:

You are being notified to please become current in thirty days or you run the risk of losing all your investment. Our
recommendation to Danish Creamery, Inc., will be that if this problem is not resolved during the following thirty days, a
remedy should be sought in the district courts of Hidalgo County.



On April 20, 1989, appellees filed a lawsuit against Martin-Del Campo for dissolution of the partnership and for an
accounting. However, appellees' lawsuit was dismissed on January 19, 1995. (1)

On February 3, 1998, Martin-Del Campo filed a Petition for Dissolution of Partnership and Accounting. In the petition,
Martin-Del Campo contended he "agreed to make the $20,000.00 payment with the understanding that [the] $20,000.00
would be applied to the principal of the purchase price of Plaintiff's twenty percent interest and that, after the paydown, the
Defendants would provide Plaintiff a new balance and a new payment schedule." He further complained that: 

since the refinancing in March of 1986, Plaintiff has not received an accounting of the balance due from Plaintiff nor has a
new payment schedule been provided. Plaintiff is not aware of the use made of the $20,000.00 payment nor of whether
Defendants made cash payments proportionate to their interests.



Martin-Del Campo further asserted that:

since commencement of the partnership business operations, [he] has fully complied with all of the terms and conditions of
the partnership agreement and has fully performed all obligations thereunder. [He] desires a dissolution of the partnership
and an accounting. Defendants, although requested to do so repeatedly, have failed and refused, and continue to fail and
refuse, to provide an accounting as alleged above.



On January 3, 2000, appellees filed a motion for summary judgment on their affirmative defense of limitations. On March
30, 2000, the trial court granted the motion for summary judgment.

B. Summary Judgment


The proper inquiry on appeal is whether the defendant, in seeking summary judgment, fulfilled his initial burden to: (1)
establish as a matter of law that there remains no genuine issue of material fact as to one or more essential elements of the
plaintiff's cause of action, or (2) establish his affirmative defense to the plaintiff's cause of action as a matter of law. Casso
v. Brand, 776 S.W.2d 551, 556 (Tex. 1989); Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548-49 (Tex. 1985); Swilley
v. Hughes, 488 S.W.2d 64, 67 (Tex. 1972). In deciding whether there is a disputed material fact issue precluding summary
judgment, evidence favorable to the non-movant must be taken as true. Star-Telegram, Inc. v. Doe, 915 S.W.2d 471, 474
(Tex. 1995); Nixon, 690 S.W.2d at 549. Every reasonable inference must be indulged in favor of the non-movant and any
doubts resolved in his favor. Nixon, 690 S.W.2d at 549. Evidence favoring the movant's position will not be considered
unless it is uncontradicted. Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.
1965). If a summary judgment is granted generally, without specifying the reason, it will be upheld if any ground in the
motion for summary judgment can be sustained. Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989);Weakly v. East, 900
S.W.2d 755, 758 (Tex. App.--Corpus Christi 1995, writ denied). 

1. Summary Judgment Evidence


In their motion for summary judgment, appellees contend that Martin-Del Campo's cause of action is barred by limitations. 
Appellees assert that a cause of action for settlement of partnership accounts accrues on the day that dealings between the
parties cease to exist. See Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (c) (Vernon Supp. 2001). Appellees argue that the
dealings between the parties in this case ceased to exist either: (1) when Martin-Del Campo made his final contribution to
the partnership for purposes of debt reduction, or (2) when appellees sent Martin-Del Campo the Final Demand for
payment. Appellees contend that in either scenario, the limitations period lapsed on December 30, 1995, or June 12, 1997,
and Martin-Del Campo did not file his lawsuit until February 3, 1998.

In support of their affirmative defense, appellees included as summary judgment evidence: (1) an excerpt from the
deposition of Martin-Del Campo wherein he admits that the $20,000.00 payment was the last payment he made; (2) their
attorney's August 12, 1987 letter to Martin-Del Campo demanding payment; and (3) their attorney's September 11, 1987
letter to Martin-Del Campo making a final demand for payment.

In his response to appellees' motion for summary judgment, Martin-Del Campo asserts that the dealings between the parties
did not cease when appellees sent the demand letters. He contends:

that the filing of suit on April 20, 1989 was the first indication to [him] by [appellees] that they were repudiating the
partnership. Further, as [appellees] concede the statute of limitations does not run during the period of the litigation. 
Accordingly, [Martin-Del Campo] contends that the statute of limitations began to run at the conclusion of the first
litigation on January 19, 1995 and that [he] filed this suit before four years had expired.



Martin-Del Campo further asserts that the date on which he was given notice that the partnership was repudiated by
appellees is a fact issue that prevents the entry of a summary judgment.

2. Analysis


The statute of limitations is an affirmative defense. Tex. R. Civ. P. 94. The defendant bears the initial burden to plead,
prove, and secure findings to sustain its plea of limitations. Ocean Transp., Inc. v. Greycas, Inc., 878 S.W.2d 256, 267
(Tex. App.-Corpus Christi 1994, writ denied). 

Section 16.004 (c) of the Texas Civil Practice and Remedies Code provides that a person must bring suit against his partner
for a settlement of partnership accounts . . . not later than four years after the day that the cause of action accrues. Tex. Civ. 
Prac. & Rem. Code Ann. § 16.004 (c) (Vernon Supp. 2001). The cause of action accrues on the day that the dealings in
which the parties were interested together cease. Id.

After reviewing the record, we find no summary judgment evidence that the "dealings in which the parties were interested
together" has ceased. While there is evidence that Martin-Del Campo has not made a payment since the $20,000.00
payment, there is no evidence that there has been a cessation of "urbanizing [the twenty-two acres] in the best way possible
in accordance with the market for its sale." Where there is evidence of the existence of a partnership, such status or
condition is presumed to continue until the contrary appears. Heathington v. Heathington Lumber Co., Inc., 398 S.W.2d
822, 826 (Tex. App.-Amarillo 1966, no writ). While Martin-Del Campo's failure to make the monthly payments may be a
breach of the partnership agreement, it does not denote cessation of dealings between the parties because Martin-Del
Campo has not lost his interest in the partnership. See Dobson v. Dobson, 594 S.W.2d 177, 181 (Tex. App.-Houston [1st
Dist.] 1980, writ ref'd).

We conclude that a genuine issue of material fact exists concerning the cessation of dealings between the parties. 
Accordingly, we hold the trial court erred in granting appellees motion for summary judgment. Appellant's sole issue is
sustained.

We reverse the trial court's order granting appellees' motion for summary judgment and remand the case to the trial court
for trial on the merits.



FEDERICO G. HINOJOSA

Justice





Do not publish. Tex. R. App. P. 47.3.



Opinion delivered and filed this the

17th day of January, 2002.

1. The record does not indicate why appellees' original lawsuit was dismissed. Martin-Del Campo contends in his
February 3, 1998 "Original Petition for Dissolution of Partnership and Accounting" that "after discovery and on the eve of
trial, [appellees] dismissed their suit on January 19, 1995." In their motion for summary judgment, appellees assert that
"after 6 years, the original lawsuit was dismissed without prejudice on Plaintiff's motion."