### H. E. DUNHAM v. ORANGE LUMBER COMPANY.

#### Decided February 17, 1910.

**1.—Demurrer to Evidence—Motion to Instruct Verdict—Practice.**

A motion to instruct a verdict for defendant upon the close of plaintiff's evidence is not of the same legal effect as a demurrer to the evidence. A demurrer to the evidence withdraws the case from the jury and submits it to the court; a motion by defendant to instruct a verdict in his favor simply calls for the judgment of the court upon the strength of plaintiff's case, with the privilege, in case the decision is against him, of proceeding to develop his defense.

**2.—Practice—Refusal of Charge.**

It is not error to refuse a special charge when the issue presented thereby is covered by the main charge, even though the special charge be couched in better, simpler or more accurate language, provided the inaccuracy of expression in the main charge is not sufficient to mislead the jury.

**3.—Breach of Contract—Measure of Damages.**

For the purpose of carrying out a contract to reclaim stranded and sunken logs, plaintiff at his own cost built a boat especially adapted to such work; in a suit by plaintiff for damages for a breach of the contract by defendant in refusing to permit him to reclaim all the logs, the court charged the jury upon the measure of plaintiff's damage that in arriving at the amount of profit plaintiff may have made, all the expense of building the

boat should be taken into account along with other expenses of carrying out the contract, to be deducted from the amount to be realized from the work. Held, error. The expense of building the boat was not a part of the expense of carrying out the contract and earning the price, which was saved to plaintiff by stopping the work, and which must be deducted from the price in estimating the profits. The reasonable value of plaintiff's personal services rendered in carrying out the contract would be a proper item to be deducted from the profits.

### 4.—Erroneous Charge—Uncertain Effect—Practice.

When it can not be certainly determined that the verdict of a jury was not influenced by an erroneous charge, the verdict should be set aside.

### 5.—Contract—Employment—Time—Construction.

Where a contract of employment does not stipulate any particular length of time or term of employment, either party would have a right to terminate it at any time.

Appeal from the District Court of Orange County. Tried below before Hon. W. B. Powell.

*Geo. E. Holland* and *V. H. Stark,* for appellant.—Where defendant urges a demurrer to the evidence which is joined in by plaintiff, the trial court, in the event the demurrer is overruled, should instruct the jury to return a verdict for plaintiff and assess his damages. Galveston, H. & S. A. Ry. Co. v. Templeton, 87 Texas, 45; International & G. N. R. Co. v. Davis, 17 Texas Civ. App., 340; Mitchell v. Wright, 4 Texas, 283; Harwood v. Blythe, 32 Texas, 804; Booth v. Cotton, 13 Texas, 362.

(Third assignment of error).—The court erred in refusing to give special charge No. 2, requested by plaintiffs, because the same contained the correct measure of damages in this cause and was not covered by the main charge of the court. Houston & T. C. Ry. Co. v. Hill, 70 Texas, 55; Alamo Mills Co. v. Hercules Iron Works, 1 Texas Civ. App., 691; Waco Tap. Ry. v. Shirley, 45 Texas, 376; Long v. McCauley, 3 S. W., 691; Fox v. Elston, 33 S. W., 749; Sabine Tram Co. v. Jones, 43 S. W., 905; Williams v. Crosby Lbr. Co., 24 S. W., 800.

(Fifth assignment of error).—The court erred in the following portion of his charge, to wit: "In arriving at the amount of profit, if any, the plaintiff would have had under the contract, if any he had, as alleged, you will take into consideration all the expenses in building and equipping the boat, operating and running the same, and all expenses and delay incident to the work of recovering and raising and delivering logs to the mill under the contract, if any, together with a reasonable compensation for services of the plaintiff under the condition and circumstances in evidence before you, and the difference between such expenses, if less than the amount he would have received for the recovery of the logs under the contract, if any, would be the profit."

The proper method of arriving at the profits from a service is to deduct the cost and expense of performing the service from the price received therefor, and the sum remaining is the profit. Same authorities; also Wells v. National Life Ass'n of Hartford, 53 L. R. A., 33.

Where a contract for services requires an outlay of capital and personal services, such outlay should be added to, instead of being subtracted from, the amount of recovery for a breach. Wells v. Life Ass'n of Hartford, 53 L. R. A., 72; Hutt v. Hickey, 29 Atl., 456; Brent v. Parker, 1 So., 780; Rayburn v. Comstock, 45 N. W., 378; Lee v. Briggs, 58 N. W., 477; Allen v. Murray, 57 N. W., 979.

(Sixth assignment of error).—The court erred in that part of the charge wherein he instructs the jury as follows: "But, gentlemen of the jury, if you believe that the defendant, by its agent Pannewitz, contracted and agreed with plaintiff that if he would build a boat suitable for pulling and raising logs on the river that he would give him twenty-five cents a log for all logs pulled into the river belonging to the defendant, and three dollars and fifty cents per thousand feet for all sunken logs of defendant raised and delivered to defendant's mill, and no time was expressed in which he was to do the work, then the defendant would have the right to put an end to said contract when it was desired by paying for all logs recovered, and if you so believe you will find for defendant." Gulf, C. & S. F. Ry. Co. v. Jackson, 29 Texas Civ. App., 342; International & G. N. R. Co. v. Greenwood, 2 Texas Civ. App., 76; Rhodes-Haverty Furniture Co. v. Frazier, 55 S. W., 192; Mudgett v. Texas Tobacco Co., 61 S. W., 149.

*Adams & Huggins*, for appellee.—The court did not err in refusing to give appellant's special charge No. 2, because appellant was not bound to recover for appellee, and appellee was, therefore, not bound to receive from appellant and pay for any certain number or quantity or lot of logs. Houston & T. C. R. Co. v. Mitchell, 38 Texas, 95; Tyler Ice Co. v. Coupland, 44 Texas Civ. App., 383; El Paso Gas Co. v. City of El Paso, 22 Texas Civ. App., 313; National Oil Co. v. Teel, 67 S. W., 545; Schamberg v. Farmer, 37 S. W., 152; Roberts & Corley v. McFaddin, 32 Texas Civ. App., 47; National Oil Co. v. Teel, 95 Texas, 593; Kraft, Holmes & Co. v. Sims, 1 W. & W., 404, 405, 406; Rose v. San Antonio & M. Ry. Co., 31 Texas, 49; Summers v. Mills, 21 Texas, 77; Cold Blast Trans. Co. v. Kansas City B. & N. Co., 114 Fed., 77; Campbell v. American Handle Co., 94 S. W., 815.

REESE, ASSOCIATE JUSTICE.—In this case H. E. Dunham sues the Orange Lumber Company for damages for breach of contract, alleging damages to the amount of $15,000. Upon trial, with the assistance of a jury, there was a verdict for the defendant, and from the judgment thereon, his motion for a new trial having been overruled, plaintiff appeals.

It was alleged that defendant, in floating logs to their sawmills, had a great number thereof to become waterlogged and sink, and a great many also got out of the stream and lodged on the banks. This being the condition, the following contract was entered into, according to the allegations of the petition:

"That if plaintiff would construct, at his own cost and expense, a boat or barge suitable for the purpose of dragging logs that had drifted out upon the banks of said river and out of the bed of said

stream back into said stream, and also capable and suitable for the purpose of raising sunken logs from the bottom of said stream, and would place said boat in said stream and operate the same, and recover for defendant its logs on said condition, that it would, upon plaintiff's being placed in such position, enter into a contract with plaintiff by the terms of which it would pay plaintiff the sum of twenty-five cents for each log recovered by plaintiff that had drifted out of said stream, and $3.50 per thousand feet for all sunken logs raised by plaintiff and delivered to defendant."

It was further alleged: "That, relying upon said agreement and in good faith, this plaintiff began the construction of, and at his own cost and expense did construct and fully equip and complete, a boat suitable for such purposes and capable of doing the work required of it, at great cost and expense, to wit, the sum of $3,000. That after said boat had been finished plaintiff entered upon the work for which the same was constructed, and recovered 2,840 logs during the month of November, 2,260 during the month of December, 1,584 during the month of January, 1907, and 7,000 during the months of February and March, 1907, which defendant duly paid plaintiff for at the agreed price. That after defendant discovered the work of said boat and the profit therein to plaintiff it violated its contract and refused to enter into the contract agreed on, by which plaintiff was to have said sum and price for recovering said logs and raising said sunken logs, and refused to permit plaintiff to further operate his said boat for it as he was doing, and because thereof plaintiff's boat was of no value to him, and a total loss, and he was damaged thereby the full amount of said boat; and because defendant failed and refused to comply with its agreement and enter into said contract with plaintiff upon the terms and conditions hereinafter set out, plaintiff has suffered damage in the sum of $15,000; and in this connection it shows to the court that said boat could have been operated at a net profit to plaintiff of $750 per month in either raising logs or recovering logs, and said contract could have been reasonably worth to plaintiff the sum of $15,000 had the same been in good faith entered into as agreed by defendant, and in good faith carried out, and because of all of which plaintiff has been damaged in said sums aforesaid."

Additional damages are claimed on the ground that plaintiff built a boat for this special purpose, which was useless for any other, and that plaintiff lost in building said boat three months' time, worth $150 a month.

Defendant answered by general demurrer and several special exceptions, which, inasmuch as there was no ruling on any of them, need not be here noticed. Defendant also made general denial.

The testimony of appellant tends to show that he entered into a contract with appellee of the general character of that stated in the petition. It, however, tends to show that a verbal contract was made, and not that appellee agreed on certain conditions to enter into the contract, but that it agreed to put the verbal contract in writing, which appellant was inclined to insist upon, but which seems not to have been considered essential by either party, as appellant went ahead, built his boat, and did several months' work, for which he was

paid before he was stopped by appellee. He further testified that appellee agreed to give him such work for two years or more, or that the work would last that long.

There is no merit in the first assignment of error. Appellant is in error in the statement of fact that appellee demurred to the evidence, and of law, as to the legal consequences, if he had done so. (Eberstadt v. State, 92 Texas, 94.)

There was no error in the refusal to give the charge requested, referred to in the second assignment. The charge given by the court covered the same ground. Strictly speaking, it was not correct to interject the condition that plaintiff "was competent to comply with and perform his part of the contract," as there was no issue presented either by the evidence or pleading as to his competency. The court simply used the wrong word, meaning "ready" or "equipped," and we do not think the jury was misled thereby. We are not disposed to follow the extremely technical decisions in cases where the charge requested is merely couched in better, simpler or more accurate language than the one given by the court.

The third assignment of error is barely sufficient to require consideration. It presents the alleged error of the court in refusing appellant's requested charge No. 2. The requested charge is not set out, even in substance, but we are referred to the page of the transcript where it may be found. There is set out in full the charge by the court on the same subject, which it is insisted is erroneous. The fifth assignment assails this charge as given, and it will be sufficient to consider that assignment. This charge must be held to be erroneous. The jury was instructed that, in arriving at the amount of profit plaintiff may have made, all the expenses of building the boat must be taken into consideration, along with other expenses of carrying out the contract, to be deducted from the amount to be realized for the work. This was error. This was not a part of what would have been the expense of carrying out the contract and earning the price, which was saved to appellant by stopping the work, and which must be deducted from the price in estimating the profits. The expense with regard to the boat had been incurred by appellant to the extent, according to the petition, of $450, and it would rather seem that this should be added to, rather than subtracted from, the other damages (Hutt v. Hickey, 29 Atl., 456), but this question is not raised by the charge nor any request to charge. We think that it would be proper to deduct, as part of the expense of carrying out the contract, a reasonable compensation for the services of appellant, confining this, however, to such services as he would have personally rendered in the matter. (Long v. McCauley, 3 S. W., 691.) As the jury rendered a verdict for defendant, it might be urged, but is not by appellee's brief, that it is apparent that such verdict is predicated upon the issue of liability *vel non,* and that in such case an erroneous instruction on the measure of damages does not require a reversal. We can not, however, be sure that the verdict is not based upon a finding that appellee breached the contract as alleged, but that no damages assessed by the rule laid down were shown. For this reason the fifth assignment is sustained, which requires a reversal of the judg-

ment. In view of another trial we call attention to the confusing language at the end of this charge.

There was no error in that portion of the charge referred to in the fourth assignment. Appellant's testimony authorized the limitation of two years as the term of the life of the contract.

That portion of the court's charge objected to in the sixth assignment of error is misleading. As set out, it is error. If there was no time expressed within which appellant was to do the work, the law would imply that it was to be done in a reasonable time. Under the facts of this case this issue was not presented. We are inclined to think that what the court really meant was that if, under the contract, the employment was not to continue for any specified time, either party would have the right to put an end to it at any time, and this would be correct if there be nothing in the contract except the element of time of employment. (Houston & T. C. Ry. Co. v. Mitchell, 38 Texas, 95.) As the case is presented by the pleadings, which make no reference to any time during which the employment is to continue, and the evidence, we are unable to say whether the contract was to reclaim all of the logs then stranded or sunk, or to do such work for a specified time. If there was neither element in the contract—that is, if it did not embrace any definite quantity of logs, certain or capable of being made certain, nor any specified time of employment—we think either party could discontinue the contract at any time on reasonable notice. This question does not seem to be clearly presented by either the pleadings or evidence.

For the errors indicated the judgment is reversed and the cause remanded.

ON MOTION FOR REHEARING.

We are inclined to think that we were in error in the portion of the opinion in which it is said that if the contract did not embrace any definite quantity of logs, certain or capable of being made certain, nor any specified time . of employment, either party could discontinue the contract at any time "on reasonable notice." The error was in adding to what was said about the right to discontinue the contract the condition "on reasonable notice." This language we desire to withdraw. The motion for rehearing is overruled.

*Reversed and remanded.*