**SAWMAN OIL CO., Inc., v. BUSH.**

No. 3819.

Court of Civil Appeals of Texas. El Paso.
Jan. 18, 1940.

Rehearing Denied Feb. 8, 1940.

Whitaker, Perkins & Turpin, of Midland, for appellant.

Joseph A. Seymour, of Midland, for appellee.

WALTHALL, Justice.

The appellee, John J. Bush, brought this suit against the appellant, the Sawman Oil Company, a corporation, to recover of it, on an oral agreement, compensation for the rental of a certain oil well spudder machine or implement and certain tools appurtenant thereto, at the rate of ten dollars per day for one hundred and fifty-six days. The terms and conditions of the rental agreement are stated by appellee in his petition as follows: "The defendant was to operate said spudder on the basis of a twelve-hour day and to hire and employ plaintiff's head driller, Tom Simmons, to supervise and handle the operation of said spudder during the time same was being used by the defendant, and that in consideration thereof the said defendant was to pay to

plaintiff for the use and renting of said spudder the sum of ten dollars for each and every day said spudder was in defendant's possession and control and to return said spudder and tools appurtenant thereto to the plaintiff in as good condition as they were when delivered, natural wear and tear only excepted."

Appellee alleged that appellant continued in possession and use of the spudder and tools from the 25th day of July to the 29th day of December, 1937, a period of one hundred and fifty-six days; that appellant failed to return said spudder and tools to appellee, and on December 29, 1937, appellant informed appellee that it was through with said spudder; that appellee was compelled to expend $50 to have the spudder returned.

Appellee alleged that during the time the spudder and tools were in the possession and use of appellant, appellant either lost or destroyed the following tools, to-wit: One 4½x16 inch drill stem of the value of $85; one 5½ inch bailer of the value of $20; one set of drilling jars of the value of $50; one metal tool box of the value of $20; one five inch bit of the value of $20; a total of $195, in which sum appellee was further damaged, and that appellant has failed and refused and continues to fail and refuse to replace or compensate appellee therefor. Appellee states his damages and sues for $1,780.82, with interest thereon from December 29, 1937, and costs of suit.

Appellant answered by general demurrer and general denial, and specially denied all liability except $36.03, and as to said sum alleged that at all times it has been and still is ready and willing to pay, and that before the commencement of the suit appellant tendered and offered to pay appellee by check the sum of $40, which appellee refused, and that appellant now brings and tenders into court the sum of $36.03, and other than the above prays that appellee take nothing.

The case was submitted to and tried by the court without a jury. The court overruled appellant's demurrer, heard the evidence, expressed the opinion in the judgment that appellee should recover of appellant compensation for the rental of the spudder and tools at the rate of ten dollars per day for the period of 156 days, the total sum of $1,560, less $44.18 paid by appellant, and less $47.82 expended by appellant for repairs on the spudder. The court, in the judgment, said appellant should deliver to appellee upon his demand and at his expense the following tools, to-wit: one 4½ by 16 inch drill stem; one 5½ inch bailer; one set of drilling jars; one metal tool box, and one 5 inch bit; and rendered judgment for appellee against appellant in the sum of $1,468.03 as compensation for the rental of the spudder and tools, with interest from October 12, 1938, and that appellee recover his costs. The court overruled appellant's motion for a new trial.

To all of which rulings and findings and conclusions appellant duly excepted and prosecutes this appeal.

### Opinion.

The record states that in response to the request of appellant the court makes and files his findings of fact and conclusions of law.

The court's findings of fact are substantially to the effect:

1. On July 25, 1937, by oral agreement appellee rented to appellant the oil well spudder and tools, for which appellant agreed to pay the sum of ten dollars per day.

2. On the day stated appellee delivered to appellant the spudder and tools; thereafter appellant retained possession and control of the spudder and tools for a period of 156 days, or until December 29, 1937, at which time appellee resumed possession of the property except certain tools specified.

3. When appellee resumed possession of the property and since said time appellant failed to return to appellee the tools specified in the judgment, and that appellant is willing to surrender to appellee possession of said tools upon appellee's demand.

4. Appellant has heretofore paid, or caused to be paid to appellee to apply on the rental of the spudder and tools the sum of $44.18.

5. During the time the spudder and tools were being used by and in possession of appellant, it caused $47.79 to be expended for repairs, which expenditure was just and reasonable.

Conclusions of Law:

1. Appellee should recover from appellant compensation for the rental of the spudder and tools at the rate of ten dollars per day for 156 days.

2. Appellant should deliver to appellee on demand and at appellee's expense the items of tools indicated in the judgment.

3. There should be deducted from the amount appellee should recover from appellant as compensation for rental for the spudder and tools, the items indicated in numbers four and five of the findings of fact.

Appellant assigns error to the judgment of the court awarding compensation for the use of the spudder for the total period of 156 days, the time the spudder remained on the premises of appellant, thus charging appellant at the contract price for the time the spudder was being used and the time the spudder was not used, appellant's contention being that the undisputed evidence being that the spudder was not used by appellant for a longer period than twenty-nine days; that the undisputed evidence being that the spudder was not to be returned to appellee but was to remain on the premises until called for by appellee.

Appellee alleged that appellant "was to pay to plaintiff for the use and renting of the spudder the sum of ten dollars for each and every day said spudder was in the defendant's possession and control, and to return said spudder and tools appurtenant thereto to the plaintiff in as good a condition, etc."

Appellee testified that Mr. Simmons was to supervise the spudder "while they had it"; "he was to go along and look after the spudder and tools" (at the employment of appellant), "and they agreed to do that," which Simmons did.

The time Simmons worked with the spudder for appellant is indefinite, but appellant concedes, and we think the evidence shows, about twenty-nine days. The evidence does not show that appellant used the spudder for more than twenty-nine days. The question then recurs upon the evidence as to the time and place appellant surrendered, that is, made a return to appellee, the possession and control of the spudder and tools. It seems to be conceded by appellant that some of the tools had not been surrendered or returned at the time of the trial, though appellee took possession of the spudder and some of the tools on December 29, 1937.

The evidence as to the issue on the surrender or return of the property is meager, especially when considered in view of its importance in the case. Appellee testified that he did not recall where they were to deliver it back to him—said "I don't recall there was a definite place."

Question: "After all, they weren't to turn it back to you and didn't have instructions to deliver it to any certain place?" To which appellee replied: "No."

Question: "If they wanted to deliver it, they wouldn't have known where to deliver it without coming to you and asking you, would they?" Answer: "I informed them if they would put everything back together I would get it."

Question: "To leave it on the lease and that was all right if they would leave it together?" Answer: "Sure, so I could get it."

The contract shows to be a rental contract of personal property for hire and for no definite period of time. It was, therefore, terminable, we think, at the option of either party to the contract. As a general proposition a contract, indefinite as to the time of its performance, may be terminated by either party by giving notice of an intention to do so. Kennedy, et al. v. McMullen, Tex.Civ.App., 39 S.W.2d 168, 174; 13 Corpus Juris, p. 604, § 630; Note 81; 6 R.C.L. 895, and many other authorities we have examined. We mean only to hold that in this kind of contract something must be done by the party terminating the contract sufficient to indicate to the other party an intention to terminate the contract. The record does not disclose that appellee had notice or knew that the property was not in use by appellant until notified by appellant on December 29, 1937, and we think the contract terminated at that time.

The judgment rendered for the tools not delivered is not such a judgment as can be enforced by execution. We think that under the pleadings the judgment for the item of tools not returned or delivered as indicated by the trial court should be omitted without prejudice, except as to the value of their use, which value of their use is included in the judgment not omitted.

The case, except as above indicated, is affirmed.