**Dr. Guillermo SALINAS and Dr. Abel E. Salazar, Appellants/Appellees,**

**v.**

**Dr. S.A. RAFATI and wife, Zena Rafati, Appellees/Appellants.**

No. 04–93–00118–CV.

Court of Appeals of Texas, San Antonio.

Dec. 30, 1994.

R. Laurence Macon, James P. Robinson, III, Akin, Gump, Strauss, Hauer & Feld, L.L.P., San Antonio, Carlos David Castillon, Freeman & Castillon, Laredo, for Appellants.

Oscar J. Pena, Sr., Laredo, for Appellees.

Before SHIRLEY W. BUTTS, STONE and PRESTON H. DIAL, Jr.,[1] JJ.

**OPINION**

PRESTON H. DIAL, Jr., Justice, (Assigned).

This is a suit for wrongful dissolution of a partnership.

Drs. S.A. Rafati, Guillermo Salinas, and Abel Salazar entered into a written partner-

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to Tex.Gov't  Code Ann. § 74.003(b) (Vernon 1988).

ship agreement to practice radiology medicine. The partnership agreement was silent as to duration or conditions for dissolution except on death or retirement of one of the partners. There was a non-competition clause for any partner who withdrew.

The relationship soured, but none of the partners opted for withdrawal. Salinas finally notified Rafati by letter that he was dissolving the partnership by "my express will." Salinas and Salazar continued the practice of radiology in a new partnership without a distribution of the assets of the prior partnership.

Rafati and his wife brought suit alleging breach of fiduciary duty and wrongful dissolution of the partnership. The jury found that Salinas and Salazar had each breached their fiduciary duty and wrongfully dissolved the partnership. The jury awarded damages of $400,000 for the breach of fiduciary duty and $1,000,000 for wrongful dissolution of the partnership. The jury found that Rafati should be paid $714,000 by each defendant for his interest in the partnership and $20,000 for attorney's fees. The jury also found that Salazar owed Rafati $8,000 for an advance to Salazar when he joined the partnership.

The trial court entered judgment awarding Rafati $400,000 for the breach of fiduciary duty, $1,000,000 for the wrongful dissolution, $20,000 for attorney's fees and $8,000 for the advance. The court disregarded the jury's finding on the partnership interest issue.

Salinas and Salazar bring five points of error. They contend there was legally and factually insufficient evidence to support the wrongful dissolution claim and the breach of fiduciary duty claim. They contend there was no evidence to support the amount of damages found for the breach of fiduciary duty. They contend the trial court erred in not allowing a hearing on their motion for new trial, and that there was jury misconduct.

Rafati brings cross-points, contending that the trial court should have allowed him to conform his pleadings to the jury findings and included an award in the judgment for his interest in the partnership.

The Texas Uniform Partnership Act states that a partnership may be dissolved without violation of the agreement between the parties by the express will of any partner when no definite term is specified. Tex.Rev.Civ. Stat.Ann. art. 6132b, § 31(1)(b) (Vernon 1970). The right of a partner to dissolve a partnership by his express will communicated to the other partners has been upheld by Texas courts. *Hughes v. Cole*, 585 S.W.2d 865, 869 (Tex.Civ.App.—Tyler 1979, writ ref'd n.r.e.).

■ Though Rafati offered evidence that he may have been treated badly by Salinas and Salazar (he complained of his "expulsion" from the partnership), none of the evidence amounted to wrongful dissolution of the partnership. Salinas's letter notifying Rafati of the dissolution was exactly what the law permitted him to do. Point of error one is sustained.

Under point of error two, Salinas and Salazar contend that there was legally and factually insufficient evidence to support submission of the breach of fiduciary duty claim to the jury. They argue that it cannot be a breach of fiduciary duty to lawfully terminate the fiduciary relationship.

■ The fiduciary duty of partners does not end with the notice of dissolution. It continues during the period of winding up and liquidation. *Howell v. Bowden*, 368 S.W.2d 842, 847 (Tex.Civ.App.—Dallas 1963, writ ref'd n.r.e.).

■ Rafati offered evidence that after the partnership was dissolved, Salinas and Salazar failed to pay him for his interest in the partnership. This in itself was sufficient evidentiary basis for the jury to find in favor of Rafati as to the claim of fiduciary breach.

Point of error two is overruled.

Under point of error three, Salinas and Salazar contend that there was no evidence to support the $400,000 damages found by the jury for breach of fiduciary duty. In response, Rafati points out his testimony of lost income "during the time of his expulsion" of $200,000 per year for two years. The breach of fiduciary duty did not stem from any so-called expulsion. We have already

held that it was proper for Salinas to dissolve the partnership. Evidence of loss of income after the partnership was dissolved is no evidence for damages from breach of fiduciary duty. Point of error three is sustained.

Under points of error four and five, Salinas and Salazar complain of the failure of the trial judge to hold an evidentiary hearing on their motion for new trial, which alleged jury misconduct. The jury misconduct allegedly consisted of jurors denying prior dealings with any of the defendants, whereas four of the jurors selected had outstanding balances with the appellants according to Dr. Salinas' affidavit.

■ There is no statement of facts of the jury voir dire in the record. It is incumbent on an appellant to file a sufficient appellate record to demonstrate harm with respect to the motion for new trial. *Gulf Oil Corp. v. Williams,* 642 S.W.2d 270, 272 (Tex.App.— Texarkana 1982, no writ). Salinas and Salazar failed to do that. Points of error four and five are overruled.

By cross-point, Rafati complains of the failure of the trial court to include in the judgment an award for his interest in the partnership. Rafati's pleadings ask for one-third of the partnership assets of $2,000,000. The jury answered that each defendant should pay Rafati $714,000 for his partnership interest, a total of $1,428,000. There was adequate evidence to support these answers.

■ Prior to entry of the judgment, Rafati filed a motion for leave to amend his pleadings to conform to the proof and the jury's answers. Salinas and Salazar did not offer evidence of surprise or that the amendment asserted a new cause of action. Under these circumstances, the trial court should have granted the motion and included the amounts found by the jury in the judgment. *Greenhalgh v. Service Lloyds Ins. Co.,* 787 S.W.2d 938, 939–40 (Tex.1990). The cross-point is sustained.

That portion of the judgment awarding Rafati $1,000,000 for wrongful dissolution of the partnership is reversed and judgment is entered that Rafati take nothing for wrongful dissolution of the partnership. That portion of the judgment awarding Rafati $400,000 for

breach of fiduciary duty is reversed and judgment rendered that Rafati take nothing for breach of fiduciary duty. The judgment is amended to include an award to Rafati of $714,000 from Salinas and $714,000 from Salazar for Rafati's interest in the partnership. The remainder of the judgment is affirmed.